IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FELICIA TUDOR,** | : | **Civil No. 1:21-CV-00276** |
| **Plaintiff,** | : | |
| v. | : | |
| **TBGHEALTH, INC.,** | : | |
| **Defendant.** | : | **Judge Sylvia H. Rambo** |

**M E M O R A N D U M**

Before the court is Defendant TBGHealth, Inc.'s motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). (Doc. 11.) For the reasons that follow, the court will grant in part and deny in part TBGHealth's motion.

**I.    BACKGROUND**

TBGHealth, a company engaged in "home and community-based brain injury specialty rehabilitation," hired Plaintiff Felicia Tudor as a Life Skills Aide on May 31, 2015. (Doc. 1 ¶ 9; Doc. 7 ¶ 7.) On June 8, 2016, Tudor notified TBGHealth that she was pregnant. (Doc. 14-1 at 3–4.) On June 28, 2016, Tudor asked TBGHealth's Executive Director Donna Dadura that her work schedule be limited to forty hours per week, and her request was subsequently granted. (*Id.* at 5, 10.) On July 26, 2016, Tudor asked Dadura, pursuant to a note from her physician, to stop assigning her to work with combative clients, and if possible, to schedule her to work only during the daytime. (*Id.* at 3, 5.) On August 8, 2016, Dadura denied Tudor's request,

1

purportedly because there were no open daytime shifts. (*Id.* at 5; Doc. 1 at ¶ 13.) Four days later, on August 12, 2016, Tudor was terminated. (Doc. 1 at ¶ 15.)

On December 19, 2016, Tudor filed an employment discrimination questionnaire with the Pennsylvania Human Relations Commission ("PHRC"), and on March 26, 2019, she filed an amended administrative complaint ("Amended Administrative Complaint") with the PHRC. (Doc. 14-1 at 1, 8; *see also* Doc. 1 ¶ 2.) In February 2021, Tudor initiated this action by filing a complaint that alleges discriminatory and retaliatory treatment on the basis of sex and disability in violation of Title VII and the Pennsylvania Human Relations Act ("PHRA"). (Doc. 1 at 9–10.) TBGHealth answered, asserting various affirmative defenses, including a failure to timely file with the EEOC, a failure to exhaust administrative remedies, and the unavailability of punitive damages under the PHRA. (Doc. 7 at 8, 10.)

TBGHealth filed this motion for judgment on the pleadings and attached documents it obtained via a Right to Know Request to the PHRC, including: (1) Tudor's PHRC Questionnaire; (2) an Equal Employment Opportunity Commission ("EEOC") Dual-Filing Notice; (3) Tudor's Amended PHRC Complaint; and (4) a memo from Plaintiff's counsel to the PHRC. (Doc. 11-5.) Tudor's brief in opposition also attaches identical copies of her Questionnaire and Amended Adminstrative Complaint and includes (1) TBGHealth's motion requesting that the PHRC dismiss Tudor's Amended Administrative Complaint; (2) the PHRC's interlocutory order

denying TBGHealth's motion to dismiss; and (3) the FY 2017 EEOC/FEPA Model Worksharing Agreement between the PHRC and the EEOC. (Doc. 14-1.) Having been fully briefed, this matter is ripe for review.

## II.     STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(c), once the pleadings are closed, but within such time as to not delay trial, a party may move for judgment on the pleadings. The standard of review is identical to that of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), except that the court reviews not only the complaint, but also the answer and written instruments attached to the pleadings. *Turbe v. Gov't of Virgin Islands*, 938 F.2d 427, 428 (3d Cir. 1991); *Lum v. Bank of Am.*, 361 F.3d 217, 223 (3d Cir. 2004); *Iseley v. Talaber*, No. 5-CV-444, 2008 WL 906508, at *2 (M.D. Pa. Mar. 31, 2008) (citing 2 James Wm. Moore et al., *Moore's Federal Practice—Civil* § 12.38). If matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Federal Rule of Civil Procedure 56. FED. R. CIV. P. 12(d). The court should consider the allegations in the pleadings, the exhibits attached thereto, matters of public record, and "undisputedly authentic" documents not attached to the pleadings if Plaintiff's claims are based on such documents, and may do so without converting the motion to one for summary judgment. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d

1192, 1196–97 (3d Cir. 1993); *Mele v. Fed. Reserve Bank of N.Y.*, 359 F.3d 251, 256 n.5 (3d Cir. 2004). Because a Rule 12(c) "motion calls for an assessment of the merits of the case at an embryonic stage, the court must view the facts contained in the pleadings in the light most favorable to the nonmovant and draw all reasonable inferences therefrom" in the nonmonvant's favor. *R.G. Fin. Corp. v. Vergara-Nunez*, 446 F.3d 178, 182 (1st Cir. 2006). Judgment on the pleadings is appropriate only when the moving party "clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law." *Minn. Lawyers Mut. Ins. Co. v. Ahrens*, 432 F. App'x 143, 147 (3d Cir. 2011).

### III. DISCUSSION

TBGHealth's motion argues that Tudor failed to administratively exhaust her Title VII claims, as well as her PHRA retaliation claim. A plaintiff alleging employment discrimination must exhaust his or her administrative remedies by filing a charge with the EEOC as a condition precedent to filing suit.[1] *Williams v. E. Orange Cmty. Charter Sch.*, 396 F. App'x 895, 897 (3d Cir. 2010) (citations omitted); *Buck v. Hampton Tp. School Dist.*, 452 F.3d 256, 262 (3d Cir. 2006). The written charge must be filed with the EEOC within 180 days from the date of the allegedly unlawful employment practice. 42 U.S.C. § 2000e-5(b), 5(e)(1). For

---

[1] The same principles of administrative exhaustion apply to PHRA claims. *See Atkinson v. LaFayette Coll.*, 460 F.3d 447, 454 n.6 (3d Cir. 2006); *see also Crawford v. Verizon Pa., Inc.*, 103 F. Supp. 3d 597, 609–10 (E.D. Pa. 2015).

4

Pennsylvania claimants who initially file with the PHRA, the deadline for EEOC filing is extended to within 300 days of the allegedly unlawful practice. 42 U.S.C. § 2000e-5(e)(1); *Mandel v. M & Q Packaging Corp.*, 706 F.3d 157, 165 (3d Cir. 2013).

The administrative charge must be "sufficiently precise to identify the parties" and "describe generally the action or practices complained of." 29 C.F.R. § 1601.12(b). Plaintiffs may amend their charges "'to cure technical defects or omissions … or to clarify and amplify allegations made therein" and amendments "alleging additional acts which constitute unlawful employment practices related to or growing out of the subject matter of the original charge will relate back to the date the charge was first received.'" *Id.*; *see also* 16 PA. CODE § 42.35 (nearly identical language governs amendment under the PHRA). The lawsuit is limited to claims that fall "fairly within the scope of the prior EEOC complaint, or the investigation arising therefrom." *Antol v. Perry*, 82 F.3d 1291, 1295 (3d Cir. 1996) (quoting *Waiters v. Parsons*, 729 F.2d 233, 237 (3d Cir. 1984)). Administrative charges are warranted a "fairly liberal construction," and "the failure to check a particular box on an EEOC charge . . . is not necessarily indicative of a failure to exhaust the mandatory administrative remedies." *Lowenstein v. Catholic Health E.*, 820 F. Supp. 2d 639, 644 (E.D. Pa. 2011) (internal quotation marks omitted). "[T]he purpose of the filing requirement is to enable the EEOC to investigate and, if cause is found, to attempt

to use informal means to reach a settlement of the dispute." *Anjelino v. N.Y. Times Co.*, 200 F.3d 73, 94 (3d Cir. 1999) (citing *Hicks v. ABT Assocs., Inc.*, 572 F.2d 960, 963 (3d Cir. 1978)). Administrative exhaustion is not an absolute jurisdictional prerequisite, but the failure to exhaust is an affirmative defense and therefore a ground for dismissal upon a motion for judgment on the pleadings. *See Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982); *Williams v. Runyon*, 130 F.3d 568, 573 (3d Cir. 1997).

### A. TBGHealth has not demonstrated that Tudor failed to exhaust her Title VII discrimination claims.

TBGHealth contends Tudor's Title VII discrimination claims should be dismissed because she did not timely file an administrative complaint with the EEOC. The complaint alleges that Tudor "complied with all jurisdictional prerequisites, including those set forth in 42 U.S.C. § 2000e-5 and the [PHRA]." (Doc. 1 at ¶ 2.) This satisfies a plaintiff's minimal burden to allege generally the condition precedent. FED. R. CIV. P. 9(c); *Hildebrand v. Allegheny Cty.*, 757 F.3d 99, 111 (3d Cir. 2014). TBGHealth does not dispute that the Questionnaire constitutes a complaint timely filed with the PHRA within the 180-day statutory window of Tudor's August 12, 2016 termination.[2] Instead it argues that Tudor's

---

[2] The court considers all documents attached to TBGHealth's motion and Tudor's brief and need not convert TBGHealth's motion to one for summary judgment. Neither party disputes the authenticity of the documents, and the court finds that those documents that do not constitute matters of public record are integral to Tudor's complaint. *See Pension Benefit Guar. Corp.*, 998 F.2d 1192, 1196–97; *Mele*, 359 F.3d at 256 n.5.

6

failure to affirmatively request cross-filing with the EEOC precluded timely filing within the proscribed 300 days. (Doc. 12 at 11.) On the Questionnaire, Tudor did not respond to the question whether she filed the charge with any other local, state, or federal agency, nor is there any other indication of an affirmative election to dual-file with the EEOC. (Doc. 14-1 at 1–7.) However, in a May 31, 2017 memo to the PHRC, Plaintiff's counsel requested an update and noted that the Questionnaire "was also to have been filed with the EEO. Please provide all case numbers for the two actions." (Doc. 11-5 at 22.) This communication, which occurred 292 days after Tudor's termination, creates an issue of fact as to whether Tudor satisfied her dual-filing obligation with the EEOC within the 300-day period, particularly when considered in concert with the Worksharing Agreement between the PHRC and the EEOC, wherein each agency designates the other as its agent for receiving charges. Nor does the EEOC's "Notice of Charge of Discrimination" dated May 15, 2019, which indicates that the EEOC received Tudor's dual-filed Amended Complaint, conclusively show that the Questionnaire was not previously timely filed with the EEOC. (Doc. 11-5 at 13–15.) While TBGHealth raises substantial questions concerning whether Tuder timely exhausted with the EEOC, it has not established

its affirmative defense as a matter of law, and its request to dismiss Tudor's federal claims will be denied.[3]

### B. TBGHealth has established that Tudor failed to exhaust her retaliation claims.

TBGHealth asserts that Tudor failed to exhaust her retaliation claims under Title VII and the PHRA because her Amended Administrative Complaint asserting retaliation claims is untimely, and since her retaliation claims are outside of the scope of the Questionnaire. In June 2019, TBGHealth moved to dismiss the Amended Administrative Complaint as untimely, but the PHRC motions examiner summarily concluded that the retaliation claims alleged therein relate back to the timely filed Questionnaire. (Doc. 14-1 at 21.). Tudor does not advance any argument or authority supporting this conclusion, but cites to the law of the case doctrine, which is inapplicable here because it is axiomatic that the court is not bound by the PHRC's non-adjudicative determination.[4]

An amended administrative complaint filed with the PHRC or EEOC outside the statutory period will relate back to a prior complaint only if it is found to be

---

[3] Based on this denial, the court will also deny TBGHealth's request for remand to state court based on the lack of subject matter jurisdiction.

[4] "PHRC's determinations are not binding or unappealable." *Cook v. Floyd*, 398 F. App'x 702, 704 (3d Cir. 2010) (citing *Baker v. PHRC*, 489 A.2d 1354, 1357–58 (Pa. 1985)); *see also James v. Tri Way Metalworkers, Inc.*, 189 F. Supp. 3d 422, 432 (M.D. Pa. 2016) (noting that a district court analyzing an employment discrimination summary judgment motion is not required to give PHRC findings "any preclusive effect" and that PHRC findings are not "entitled to any deference") (citing *Univ. of Tenn. v. Elliott*, 478 U.S. 788, 796 (1986)).

"related to or growing out of" the initial filing. *See* 29 C.F.R. § 1601.12(b); *see also* 16 PA. CODE § 42.35. Tudor's Amended Administrative Complaint, which was filed well outside the statutory period, alleges discriminatory and retaliatory suspension and discharge, though Tudor did not check the "RETALIATION" box on the Questionnaire to indicate that she believed she suffered an adverse action as the result of any complaint about or opposition to unlawful discrimination. (Doc. 14-1 at 2.) Nor do any other facts alleged in the Questionnaire support that Tudor engaged in a protected activity or believed that she was suspended in retaliation. (*See generally id.* at 2–7.) Even though the Questionnaire was executed 124 days after Tudor's termination, she did not assert on the Questionnaire that she was unlawfully discharged. (*Id.*) While failure to check an appropriate box is not necessarily dispositive on the issue of exhaustion, the substance of Tuder's Questionnaire also did not allege any facts that would have provided notice to TBGHealth regarding Tudor's desire to pursue a retaliation claim based on her termination. (*Id.*) Even construing the Questionnaire liberally, the Amended Administrative Complaint simply cannot be said to have related to or grown out of the initial filing, as it does nothing more than list an additional adverse action predating the Questionnaire and rely on the same facts to assert a new theory of recovery. *See Simms v. Oklahoma ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326–28 (10th Cir. 1999), *abrogated on other grounds by Martinez v. Potter*, 347 F.3d 1208,

9

1210–11 (10th Cir. 2003) (compiling cases); *Scott v. Dist. Hosp. Partners, L.P.*, 60 F. Supp. 3d 156, 163 (D.D.C. 2014), *aff'd*, 715 F. App'x 6 (D.C. Cir. 2018).

Having determined that the Amended Administrative Complaint is untimely, the court must examine whether the retaliation claims advanced in this action are "within the scope of [1] the [administrative] complaint, or [2] the investigation arising therefrom." *Simko v. United States Steel Corp*, 992 F.3d 198 (3d Cir. 2021). For substantially the same reasons already discussed, the court readily finds that the retaliation claims are not within the scope of the Questionnaire. *See also Thomas v. St. Mary Med. Ctr.*, 22 F. Supp. 3d 459, 471 (E.D. Pa. 2014) (finding that the plaintiff did not exhaust her retaliation claim where she failed to check the box for retaliation and did not allege any facts supporting retaliation).

To analyze whether claims are within the scope of an investigation arising from an administrative complaint, the Third Circuit employs a fact-specific test that compares the reasonable scope of investigation warranted by each complaint in order to evaluate whether the administrative complaint's investigation would address the claims of the subsequent complaint. *Simko*, 992 F.3d at 210–11. To do so, it looks to factual similarities between "the events described in the claims, the actors involved, and the nature of the employer conduct at issue … Such factual overlap alone, however, does not guarantee that the new allegations are encompassed by the original charge if they do not fall within the 'gravamen' of the initial charge." *Id.*

Here, the Questionnaire contains no specific facts supporting retaliation, and this action's complaint only alleges it in conclusory terms. (*See* Doc. 1 ¶ 15) ("Plaintiff was terminated in retaliation for requesting an accommodation."). Although there is substantial overlap in the background facts set forth in the Questionnaire and this action's complaint, the gravamen of the first filing is that TBGHealth discriminated against Tudor by failing to accommodate her pregnancy, and a reasonable scope of investigation in the allegation would not encompass retaliation. *See also Antol*, 82 F.3d at 1295–96 (finding a gender-based discrimination claim was not within the scope of an EEOC investigation where the complaint alleged only disability discrimination even when the investigation revealed that two women received promotions over him); *Thomas*, 22 F. Supp. 3d at 471 (rejecting the plaintiff's argument that an investigation of race discrimination would have uncovered subsequent retaliation). For these reasons, both the administrative agencies and TBGHealth lacked notice of Tudor's intent to assert a retaliation claim based on her termination, until nearly three years after it had occurred. (*Id.* at 8–12.) Tudor therefore failed to exhaust her administrative remedies with respect to her retaliation claims, which will be dismissed with prejudice.

## IV. CONCLUSION

For the reasons explained above, the court will grant in part and deny in part Defendant TBGHealth's motion for judgment on the pleadings.[5] An appropriate order shall follow.

_s/ Sylvia H. Rambo_
SYLVIA H. RAMBO
United States District Judge

Dated: April 4, 2022

---

[5] The court will also grant TBGHealth's request for summary judgment on Tudor's demand for punitive damages under the PHRA, as the Pennsylvania Supreme Court has unequivocally held such damages are not available under the statute. *Hoy v. Angelone*, 554 Pa. 134, 146, 720 A.2d 745, 751 (1998); *see also Klein v. Weidner*, 729 F.3d 280, 288 (3d Cir. 2013) (citing *Hoy*'s holding that punitive damages are not available under the [PHRA]); *Snyder v. Bazargani*, 241 F. App'x 20, 23 (3d Cir. 2007) (same).